United States District Court
for the
Southern District of Florida

| | |
|---|---|
| San Antonio Winery, Inc. and Merritt Estate Winery, Inc., Plaintiffs, <br><br> v. <br><br> Enovation Brands, Inc., Defendant. | ) ) ) ) ) Civil Action No. 20-20515-Civ-Scola ) ) ) ) |

## Order Denying Plaintifs' Ex Parte Motion

Plaintiffs San Antonio Winery, Inc. and Merritt Estate Winery, Inc. (the "Wineries") have come before the Court on an ex parte basis seeking a temporary restraining order; an order to show cause; and expedited discovery. (Pls.'s Mot., ECF No. 11.) The Court has reviewed the motion, the record, the relevant legal authorities, and for the reasons more fully explained below, **denies** the motion **without prejudice** (**ECF No. 11**).

The Wineries request an ex parte order restraining Defendant Enovation Brands, Inc., from "[i]mporting, selling, shipping, distributing or offering to sell" wines they allege infringe the trade dress of the Wineries' products. The Wineries further ask the Court, also on an ex parte basis, to (1) issue an order for Enovation to show cause why a preliminary injunction should not issue and (2) allow expedited discovery.

The Wineries properly set forth the elements required to support the issuance of a restraining order: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). The Wineries fail, however, to justify their seeking the restraining order without notice to Enovation. A court may issue a temporary restraining order *without notice* to an adverse party or its attorneys *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) and (B).

These requirements "are not mere technicalities, but establish minimum due process." *Emerging Vision, Inc. v. Glachman*, 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, 10-80734-CIV, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010) (Seltzer, Mag. J.). Here, the Wineries do not even mention these requirements, never mind attempt to satisfy them. Instead, the Wineries acknowledge they have corresponded with Enovation, advising it that they believe Enovation has infringed their trade dress. (*E.g.*, Pls.' Mot. at 8.) The Wineries have also served Enovation with the complaint. (ECF No. 10.) The Wineries, furthermore, inform that Enovation doesn't plan to release the allegedly infringing products until early March—almost three weeks away from the filing of their motion and nearly a month from when they filed their complaint. (Pls.' Mot. at 9.) In short, the Wineries have not demonstrated any reason why the Court should rule on the motion for a temporary restraining order without Enovation's having an opportunity to respond. There is also no apparent reason why the Court should issue the requested show-cause order or expedited discovery without affording Enovation the opportunity to respond.

Accordingly, the Court **denies without prejudice** Enovation's motion (**ECF No. 11**) in its entirety.

**Done and ordered** in chambers, at Miami, Florida, on February 12, 2020.

_____
Robert N. Scola, Jr.
United States District Judge