**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-20515-SCOLA/TORRES

| | |
|---|---|
| SAN ANTONIO WINERY, INC., a California corporation, and Merritt Estate Winery, Inc, a New York corporation, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ENOVATION BRANDS, INC., a Florida corporation, | ) ) ) |
| Defendant. | ) ) ) |

### PLAINTIFFS' NOTICE OF FILING SUPPLEMENTAL DECLARATIONS IN SUPPORT OF EXPEDITED MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiffs San Antonio Winery, Inc. ("San Antonio Winery") and Merritt Estate Winery, Inc. ("Merritt Winery") (collective "Plaintiffs") respectfully submit, this Notice of Filing Supplemental Declarations in Support of Expedited Motion for a Temporary Restraining Order. The Supplemental Declarations offer evidence that was previously not submitted with Plaintiffs original filing, specifically (1) the Declaration of Kimberly Deeble regarding an incident of actual confusion with Target that was not previously available and (2) a Supplemental Declaration of William Merritt to refute Enovation's "incorrect" representations to the Court.

Plaintiffs have filed expedited motions seeking injunctive relief to prevent Defendant Enovation, Inc.'s ("Defendant") BELLA ROSA infringing wine from reaching consumers and irreparably damaging Plaintiffs. On February 14, 2020, Plaintiffs' filed an Expedited Motion for a TRO ("Motion for TRO"). (Dkt. #17). On February 19, 2020, Defendant filed its Response in Opposition to Plaintiffs' Motion ("Opposition to TRO"). (Dkt. #29). The Court held a hearing on February 20, 2020, to allow the parties to present oral arguments in support of their positions.

Circumstances have changed since Plaintiffs' original Motion for TRO was filed:

1

1. **Plaintiffs Subsequently Learned an incident of actual confusion occurred with a Target employee.**

On February 18, 2020 an employee from Target store number 2151 in Tustin, California, contacted a District Manager for San Antonio Winery, Kimberly Deeble.  The Target store employee left Ms. Deeble a voicemail inquiring when the BELLA ROSA wine would arrive, that the display had been empty for a week and that he was going to fill it if he didn't receive the wine. Kimberly Deeble Declaration, ¶ 5 ("Deeble Decl.").  Ms. Deeble promptly called the Target store employee to understand his concerns.  The employee stated that he intended to remove a STELLA ROSA display in the store in favor of a BELLA ROSA display.  The employee's intended action was based on a confusion that Plaintiff's STELLA ROSA wine and Defendant Enovation's BELLA ROSA wine were related (Deeble Decl., ¶ 8.)  Ms. Deeble explained to the employee that STELLA ROSA and San Antonio Winery were unrelated and not affiliated nor associated with BELLA ROSA and that he was contacting the wrong company.  He apologized for the confusion on the phone and again in text message to Ms. Deeble.  (Deeble Decl., ¶¶ 5-11.)  This information was brought to counsel for San Antonio Winery's attention on the morning of February 20th and was reported at the hearing but is missing from Plaintiffs' moving papers.

2. **"Incorrect" Information in Defendant's Opposition to TRO.**

On February 19, 2020, Defendant filed its Response in Opposition to Plaintiffs' Expedited Motion ("Opposition to TRO").  In Defendant's Opposition to TRO, it alleges Merritt Winery's trademark rights are limited in scope to the State of New York because Merritt Winery only sells wine in New York stating, "…investigation by Defendant strongly suggests the geographic market of the Merritt's Estate winery "Bella Rosa" wine is limited to North and Western New York state, including, Buffalo, Rochester, Amherst, Orchard Park, Ithaca, Troy and Albany. (Dkt. 29.)  This postion was asserted despite Mr Merritt stating in his original Declaration that BELLA ROSA is sold nationally, and that the BELLA ROSA wine has won awards in San Francisco.  William Merritt Supplemental Declaration, ¶¶ 3-5.  To clarify this misinformation that was provided to the Court, concurrent with this filing is a Supplemental Declaration by Mr. Merritt.

Because the evidence of actual confusion was not available at the time Plaintiffs filed their moving papers and Plaintiffs did not have an opportunity to address the misinformation provided

to the Court in a reply brief, Plaintiffs respectfully request the Court consider Ms. Deeble's Declaration and Mr. Merritt's Supplemental Declaration.

Dated: February 24, 2020

Respectfully Submitted,
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 1700
Los Angeles, CA 90025
Tel.: (310) 979-9190
Jeffrey G. Sheldon
E-mail: jshledon@cislo.com
Katherine M. Bond
E-mail: kbond@cislo.com
*(Pro Hac Vice)*

-and-

By: /s/David C. Isaacson
David C. Isaacson, Esq. (FBN 0081691)
E-mail: david@filawyers.com
FITZGERLAD & ISAACSON, LLP
901 Ponce De Leon Blvd., Suite 202
Miami, FL 33134
Telephone (305) 372-7300
Facsimile: (305) 447-0043

*Attorneys for Plaintiffs,*
SAN ANTONIO WINERY, INC. and
MERRITT ESTATE WINERY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF notice on February 24, 2020 on all counsel or parties of record on the Service List below.

By: /s/David C. Isaacson
David C. Isaacson, Esq.

## SERVICE LIST

IP LAW LEADERS, PLLC
Andrew C. Aitken, Esq.
Email: acaitken@aitkenlawoffices.com
6701 Democracy Blvd., Suite 555
Bethesda, Maryland 20915
Telephone: (202) 248-5410
Facsimile: (202) 318-4538


THE BRICKELL IP GROUP, PLLC
Richard Guerra, Esq.
Email: rguerra@brickellip.com
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
Telephone: (305) 728-8831
Facsimile: (305) 428-2450

*Counsel for Defendant*